UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

**DECISION AND ORDER**

v.

1:18-CR-00126 EAW

DEONTE COOPER a/k/a Terry,

Defendant.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Deonte Cooper ("Defendant") is one of ten defendants charged in a Superseding Indictment filed on October 11, 2018. (Dkt. 31). Defendant stands accused of conspiracy to commit firearms offenses as alleged in Count One, in violation of 18 U.S.C. § 371. This Court referred all pretrial matters in the case to United States Magistrate Judge H. Kenneth Schroeder, Jr. pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). (Dkt. 153).

On February 15, 2019, Defendant filed pretrial motions seeking, among other things, to suppress evidence seized from 6259 Runkle Avenue in Ashtabula, Ohio, on May 30, 2018, pursuant to a search warrant issued by Ashtabula Municipal Court Judge Laura Digiacomo. (Dkt. 69; *see also* Dkt. 79 (Defendant's Affidavit)). Defendant also sought suppression of his statements made during an interview by law enforcement on the same date. (*Id.*). Judge Schroeder determined that an evidentiary hearing was necessary to resolve the suppression issues (Dkt. 91), and a hearing was conducted on June 24, 2019, where the Government presented testimony of Ashtabula City Police Department Detective Michael Palinkas and ATF Special Agent Elizabeth Gardner (Dkt. 107). Defendant and

the Government filed post-hearing memoranda in support of their respective positions. (Dkt. 115; Dkt. 116).

On September 23, 2019, Judge Schroeder issued a Report, Recommendation and Order addressing Defendant's pending motions. (Dkt. 119). Judge Schroeder concluded that both Detective Palinkas and Special Agent Gardner testified credibly at the hearing. (*Id.* at 8 n.2, 13 n.3). With respect to the motion to suppress statements, Judge Schroeder concluded:

> [Defendant] made a knowing and voluntary waiver of his rights, including the right to have a lawyer present during the interrogation and . . . he was in no way coerced or overpowered by the agents in their questioning of the defendant and . . . his replies and statements made to the agents were voluntarily given.

(*Id.* at 9). Thus, Judge Schroeder recommended that Defendant's motion to suppress statements be denied. (*Id.*).

With respect to the motion to suppress evidence seized pursuant to the search warrant issued by Judge Digiacomo, Judge Schroeder found that the warrant expressly incorporated, adopted and attached the search warrant affidavit completed by Detective Palinkas. (*Id.* at 10). Specifically, the warrant stated: "WHEREAS, there has been filed with me an affidavit for a Search Warrant, a copy of which is hereby annexed, incorporated and adopted herein as if the same were fully written herein. . . ." (Govt. Ex. 1 (Warrant) at 1). Thus, according to Judge Schroeder's findings, "[s]ince the affidavit of Detective Palinkas sworn to May 30, 2018 was properly incorporated and annexed to the search warrant, that affidavit constitutes a legally appropriate particularized description of the items to be seized pursuant to the search warrant." (Dkt. 119 at 12). Namely, the affidavit

of Detective Palinkas sought to search for the following items believed to be at 6259 Runkle Avenue: "Heroin, digital scales, drug packaging materials, pipes, syringes, firearms & other prohibited weapons. . . ." (Govt. Ex. 1 (Affidavit) at 7).

Judge Schroeder also rejected Defendant's arguments that the search warrant was invalid because Defendant was not personally handed a copy of the warrant, and that probable cause was lacking for issuance of the warrant. (Dkt. 119 at 13-19). Finally, relying on *United States v. Leon*, 468 U.S. 897 (1984), Judge Schroeder alternatively concluded that the good faith exception applied. (*Id.* at 20). Accordingly, Judge Schroeder recommended denying Defendant's motion to suppress evidence seized from 6259 Runkle Avenue, Ashtabula, Ohio, on May 30, 2018, pursuant to the search warrant issued by Judge Digiacomo. (*Id.*).

On October 7, 2019, Defendant filed objections to Judge Schroeder's Report and Recommendation. (Dkt. 127). Defendant's objections were limited to his argument that the warrant was not sufficiently particularized. (*Id.*).[1] In other words, Defendant did not

---

[1] Defendant's objections reference the search warrant as being "overly broad" and not sufficiently particularized, and he appears to use those terms interchangeably. (*See* Dkt. 127). Defendant's objections relate to the failure of the warrant to sufficiently particularize the items to be seized because only the affidavit described those items. Defendant has not argued that the items actually referenced in the affidavit were overly broad in view of the probable cause determination by Judge Digiacomo. Overbreadth and lack of particularization do not have the same meaning:

> Despite their frequent conflation, '[over]breadth and particularity are related but distinct concepts. A warrant may be broad, in that it authorizes the government to search an identified location or object for a wide range of potentially relevant material, without violating the particularity requirement.' . . . In other words, a warrant is overbroad if the description of

object to Judge Schroeder's conclusions with respect to the motion to suppress statements, nor did Defendant challenge Judge Schroeder's conclusions that probable cause supported issuance of the warrant and that Defendant did not have to be personally handed the search warrant in order for it to be effective. (*See id.*). Defendant also failed to address Judge Schroeder's conclusion as to the applicability of the *Leon* good faith exception. (*See id.*).

Instead, the focus of Defendant's objections is on Judge Schroeder's factual conclusion that the affidavit was attached to the search warrant. Defendant relies on a photograph of the search warrant left at the scene of the search (Govt. Ex. 8; Def. Ex. 1) and testimony from Special Agent Gardner about that photograph (Dkt. 127 at 2). According to Defendant, the photograph demonstrates that the affidavit was not attached to the warrant, and therefore the affidavit cannot be relied upon to cure the lack of particularization in the warrant. (*Id.*). The Government filed a memorandum in opposition to Defendant's objections on October 21, 2019 (Dkt. 136), at which time the matter was taken under advisement by the undersigned (Dkt. 128).

---

the items to be searched or seized is broader than the limits imposed by the probable cause justifying the warrant.

*United States v. Conley*, 342 F. Supp. 3d 247, 271 (D. Conn. 2018) (citations omitted). While Defendant initially challenged the probable cause determination for issuance of the warrant, he has not objected to Judge Schroeder's conclusion that probable cause supported issuance of the warrant. Accordingly, any argument that the warrant was overly broad in view of the probable cause determination has not been properly raised before this Court. Fed. R. Crim. P. 59(b)(2) ("Failure to object in accordance with this rule waives a party's right to review.").

## II. STANDARD OF REVIEW

A district court reviews any specific objections to a report and recommendation on a motion to suppress under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). To trigger the *de novo* review standard, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed. Fed. R. Crim. P. 59(b)(2) ("Failure to object in accordance with this rule waives a party's right to review."); *see United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.").

## III. ANALYSIS

### A. *Particularization of Warrant*

The Fourth Amendment requires that a search warrant be sufficiently particular by identifying the specific offense for which probable cause has been established, describing the place to be searched, and specifying the items to be seized by their relation to the designated crimes. *United States v. Lustyik*, 57 F. Supp. 3d 213, 225-26 (S.D.N.Y. 2014). "[T]he particularity requirement guards against general searches that leave to the unguided

- 5 -

discretion of the officers executing the warrant the decision as to what items may be seized." *United States v. Riley*, 906 F.2d 841, 844 (2d Cir. 1990). Here, Defendant challenges that third aspect of the particularity requirement—namely, that the warrant failed to specify on its face the items to be seized.

The Supreme Court has recognized that the Fourth Amendment's requirement that a warrant specify on its face with particularity all items for which the search is authorized, can be satisfied by reference to a supporting affidavit "if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant." *Groh v. Ramirez*, 540 U.S. 551, 557-58 (2004); *see also United States v. Waker*, 534 F.3d 168, 172 (2d Cir. 2008) (although search warrant did not list on its face items to be seized, where the officer who applied for the warrant attached his affidavit and the warrant included deliberate and unequivocal language of incorporation, motion to suppress was properly denied). Here, Judge Schroeder concluded: "Since the affidavit of Detective Palinkas sworn to May 30, 2018 was properly incorporated and annexed to the search warrant, that affidavit constitutes a legally appropriate particularized description of the items to be seized pursuant to the search warrant." (Dkt. 119 at 12). Indeed, the warrant expressly states that the affidavit is "annexed, incorporated and adopted herein as if the same were fully written herein." (Govt. Ex. 1 (Warrant) at 1).

Contrary to Defendant's arguments, the Court is not persuaded that a photograph of the cover page of the warrant left at 6259 Runkle Avenue demonstrates otherwise.[2] The

---

[2] The record is clear that the affidavit accompanied the warrant when it was signed by Judge Digiacomo. (*See* Dkt. 107 at 13-15 (Detective Palinkas testifying that his

photograph relied upon by Defendant is far from clear (Govt. Ex. 8/Def. Ex. 1), and the testimony of Special Agent Gardner, relied upon by Defendant, actually demonstrates that she was unfamiliar with the length of the document depicted in the photograph (Dkt. 107 at 84 (stating "I don't know. It's not my warrant," in response to question as to the number of pages for the warrant), 85 (in response to being shown photograph, stating "I do see two pages. I don't know if there's more than that or not.")). Accordingly, the Court finds that Judge Schroeder's factual finding that the affidavit was attached to the warrant is supported by the record. Based on a *de novo* review, the Court concludes that the warrant was sufficiently particularized because it used appropriate words of incorporation and the affidavit accompanied the warrant. As a result, Defendant's motion to suppress is denied.

---

affidavit was presented to Judge Digiacomo with the warrant)). Neither party has briefed whether the failure to include a copy of the affidavit with the warrant when it was left at the place of execution would defeat the applicability of *Groh* under the circumstances (*i.e.*, where the affidavit indisputably accompanied the warrant at the time of its signing and was known to the officer executing the warrant). *Cf. Groh*, 540 U.S. at 557 (explaining that Fourth Amendment's requirement of particularity is not served by "some other document, somewhere, [that] says something about the objects of the search, but the contents of that document are neither known to the person whose home is being searched nor available for inspection."). As a result, the Court specifically does not resolve that issue, but rather assumes for purposes of this Decision and Order that *Groh* requires that the Fourth Amendment's particularity requirements are only satisfied when the copy of the warrant left at the place of execution included the incorporated affidavit.

### B. *Good Faith*

Even if the affidavit was not attached to the warrant, the Court agrees with Judge Schroeder that the *Leon* good faith exception applies. Indeed, Defendant has not challenged that finding by Judge Schroeder, and thus any objection to that finding has been waived. *See* Fed. R. Crim. P. 59(b)(2); *Male Juvenile (95-CR-1074)*, 121 F.3d at 38.

"A violation of the Fourth Amendment does not necessarily result in the application of the exclusionary rule." *United States v. Rosa*, 626 F.3d 56, 64 (2d Cir. 2010). "Indeed, exclusion 'has always been our last resort, not our first impulse.'" *Herring v. United States*, 555 U.S. 135, 140 (2009) (quoting *Hudson v. Michigan*, 547 U.S. 586, 591 (2006)). Instead, whether the exclusionary rule applies "depends on the 'efficacy of the rule in deterring Fourth Amendment violations in the future' as well as a determination that 'the benefits of deterrence . . . outweigh the costs.'" *Rosa*, 626 F.3d at 64 (quoting *Herring*, 555 U.S. at 140)). The "'good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal' in light of 'all of the circumstances.'" *Herring*, 555 U.S. at 145 (quoting *Leon*, 468 U.S. at 922 n. 23)). "The good-faith exception first recognized in *Leon* holds that when the agents executing a search warrant act with an objectively reasonable good-faith belief that their conduct is lawful, improperly obtained evidence remains admissible because in such circumstances, the deterrence rationale loses much of its force, and exclusion cannot pay its way." *United States v. Eldred*, 933 F.3d 110, 118 (2d Cir. 2019) (quotation and citation omitted).

In *Leon*, the Supreme Court identified four circumstances in which the good faith exception does not apply and the officer's reliance on the warrant will not be considered to have been in good faith:

> (1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; and (4) where the warrant is so facially deficient that reliance upon it is unreasonable.

*United States v. Moore*, 968 F.2d 216, 222 (2d Cir. 1992) (citing *Leon*, 468 U.S. at 923)). "These exceptions reflect the general rule that, '[t]o trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system.'" *United States v. Romain*, 678 F. App'x 23, 25 (2d Cir. 2017) (alteration in original) (quoting *Herring*, 555 U.S. at 144). "'The pertinent analysis of deterrence and culpability is objective,' and '"our good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal" in light of "all of the circumstances."'" *Rosa*, 626 F.3d at 64 (quoting *Herring*, 555 U.S. at 145).

"'The burden is on the government to demonstrate the objective reasonableness of the officers' good faith reliance' on an invalidated warrant." *United States v. Clark*, 638 F.3d 89, 100 (2d Cir. 2011) (citations omitted). Moreover, as counseled by the Second Circuit, in assessing whether the government has met its burden, a court must consider that "in *Leon*, the Supreme Court strongly signaled that most searches conducted pursuant to a warrant would likely fall within its protection." *Id.*

The Second Circuit has recognized that after *Groh*, a court may not rely on unincorporated, unattached supporting documents to cure a constitutionally defective warrant, but "those documents are still relevant to our determination of whether the officers acted in good faith, because they contribute to our assessment of the officers' conduct in a particular case." *Rosa*, 626 F.3d at 64 (where warrant failed to link items to be searched and seized to suspected criminal activity, suppression not warranted where supporting documents provided that link, search was executed by team led by application's affiant, and there was no evidence that law enforcement officers actually relied on the defective warrant, as opposed to their knowledge of the investigation and the contemplated limits of the issuing magistrate's authorization). Thus, even where the technical requirements of *Groh* are not satisfied, the *Leon* good faith exception may justify denial of a suppression motion. *See Romain*, 678 F. App'x at 25-26 (where text of warrant did not reference criminal statute that defendant was charged with violating, but supporting documents contained those references, good faith exception applied); *United States v. Conley*, 342 F. Supp. 3d 247, 274 (D. Conn. 2018) (where search warrant affiant and officer in charge of execution of search were the same, and search warrant application referenced crimes related to the search and referenced supporting affidavit, good faith exception applied); *Lustyik*, 57 F. Supp. 3d at 226-27 (where warrant did not incorporate attachment setting forth list of items to be seized, suppression was not warranted where officers executed warrant in good faith and were guided by the attachment to the warrant); *United States v. Cyr*, No. 2:14-cr-19, 2014 WL 6386805, at *8 (D. Vt. Nov. 14, 2014) (where failure to

incorporate application into warrant was the result of an inadvertent act of negligence, good faith exception applied).

Here, the Court agrees with Judge Schroeder as to the applicability of the good faith exception. In other words, even if the record established that the search warrant affidavit was not attached to the warrant that was left at 6259 Runkle Avenue, and even if this failure constituted a violation of the Fourth Amendment's particularity requirement, it is apparent that any technical failure to comply with the Fourth Amendment's particularity requirement is excused by good faith. Detective Palinkas was familiar with the contents of his affidavit, he was present at the scene of the search, the warrant expressly incorporated and referenced the affidavit, and there is no evidence that the search exceeded the scope referenced in the affidavit. Thus, if the affidavit was not attached to the warrant left at the scene, it plainly would have been through inadvertence and no deterrence rationale would be served by suppression. Again, Defendant made no effort to object to Judge Schroeder's findings in this regard, and there is no basis for concluding that the *Leon* good faith exception does not apply under the circumstances.

## IV. CONCLUSION

The Court has conducted a careful review of the Report and Recommendation as well as the filings previously made in the case and the record of the hearing conducted before Judge Schroeder. With respect to those issues specifically raised in the objections filed by Defendant, for the reasons set forth above and for the reasons set forth in Judge Schroeder's Report and Recommendation, the Court agrees with Judge Schroeder that Defendant's motion to suppress must be denied. In addition, for all other issues raised by

Defendant's motions filed before Judge Schroeder, but not specifically objected to by Defendant, the Court finds no reason to reject or modify the Report and Recommendation and therefore the Court accepts and adopts the Report and Recommendation (Dkt. 119) in in its entirety and denies Defendant's motion to suppress evidence and statements (Dkt. 69).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: November 20, 2019
Rochester, New York